```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JOSHUA KUVIN,                        )<br>              Plaintiff,    )<br>                                      )<br>      v.                              )<br>                                      )<br>KRISTJEN M. NIELSEN, Secretary       )<br>U.S. Department of Homeland           )<br>Security Administration,              )<br>                                      )<br>              Defendant.    )<br>_____) | CIVIL ACTION<br>NO. 18-11342-WGY |

YOUNG, D.J.                                          January 7, 2019

### ORDER

Motion denied without prejudice to its renewal supported by good cause shown. The failure of the government to discharge its litigation obligations will occasion an appropriate sanction.

Lapses in appropriations are nothing new. I can think of four during my tenure without consulting any record. Such lapses are not in any sense government "policy"; rather - let us talk plainly - they are simply an abdication by the President and the Congress (which could override a presidential veto) of the duty to govern responsibly to the end that all the laws may be faithfully executed. Nor does such a lapse in any way excuse this Court from exercising its own Constitutional functions.

Imagine a major corporation engaged in various litigation both as plaintiff and defendant. For whatever reason, it decides not to pay its attorneys and instructs them not to interact with the Court lest they have a plausible claim on the corporation for their services. Then the corporation says to the Court, "We greatly regret any disruption caused to the court and to other litigants, but please stay all proceedings until we get our act together." This does not constitute "good cause" for any stay. In fact, it is laughable.

A lapse in appropriations cannot delay or deny American jurors their constitutional right to adjudicate cases ready for trial. It cannot delay or deny other litigants their constitutional access to their day in federal court or any preliminary step necessary to get there.

Appropriation or no, this Court will continue to sit daily, attending to the quotidien details of getting all cases ready for trial and trying them in a timely fashion as required by the Constitution.

**SO ORDERED.**

By the Court,

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE